# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| NYCOCA C. HAIRSTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:22-cv-0111 |
| | ) Judge Aleta A. Trauger |
| CHRISTINE WORMUTH, Secretary, U.S. Department of the Army, et al., | ) Magistrate Judge Alistair Newbern |
| Defendants. | ) |

## DENIAL OF REQUEST FOR ENTRY OF DEFAULT

Pending is Plaintiff's second Request for Entry of Default against defendant Christine Wormuth, Secretary, U.S. Department of the Army ("Sec. Wormuth"). (Doc. No. 29). For the following reasons Plaintiff's Motion is **DENIED** without prejudice.

Plaintiff filed a Complaint against the Defendant Wormuth, along with Secretary of Defense Lloyd J. Austin, III, and U.S. Attorney General Merrick B. Garland, on February 18, 2022. (Doc. No. 1). On February 22, 2022, the Clerk's Office issued Summons to as to Sec. Wormuth addressed to "101 Army Pentagon, Washington, DC 20310." (Doc. No. 4). Summons was also issued as to U.S. Attorney General Merrick B. Garland addressed to "U.S. Dept. of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530." *Id.* On March 6, 2022, Plaintiff filed the returned Summonses along with USPS Priority Mail tracking history indicating that the parcels were delivered to addresses in Washington, D.C. (Doc. Nos. 6 and 8). On June 13, 2022, Plaintiff filed a Request for Entry of Default (Doc. No. 11), along with the supporting Affidavit of Nycoca C. Hairston. (Doc. No. 12). On July 6, 2022, the Clerk denied Plaintiff's Request for Entry of Default because Plaintiff attempted to serve Sec. Wormuth and the U.S. Attorney General via

1

USPS Priority Mail rather than by either registered or certified mail, which was insufficient to satisfy the service obligations of Federal Rule 4. See Fed. R. Civ. P. 4(i)(1) – (2). (Doc. No. 13).

On August 30, 2022, Plaintiff again filed returned Summonses as to all defendants. With regard to Sec. Wormuth, against whom the pending Motion is directed, Plaintiff submitted a Proof of Service declaration signed by Plaintiff and attaching a USPS tracking form indicating that a package was sent via "Priority Mail Express PO-Add" for scheduled delivery on August 16, 2022. (Doc. No. 19 at PageID # 84). The report indicates that the parcel was "Delivered, individual picked up at postal facility." *Id.* at #85. The individual who signed for the parcel was "Norman Turner" with a stated delivery address of "Pentagon 20318." *Id.* at #86.

On January 20, 2023, Plaintiff filed a letter with the Court that included an Affidavit in Support of Request for Entry of Default. (Doc. No. 26-1). On February 10, 2023, Plaintiff filed the Pending Request for Entry of Default against Sec. Wormuth. (Doc. No. 29). On December 30, 2023, the Defendants filed a response in opposition to the Plaintiff's Motion on the grounds that Plaintiff failed to properly effect service pursuant to Fed. R. Civ. P. 4(i). (Doc. No. 30).

Pursuant to Local Rule 55.01, motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying: (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and, (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration.

Although Plaintiff has clearly attempted to remedy the defects that led to the Clerk's denial of her first Motion for Entry of Default, the current Motion still falls short procedurally and does

2

Case 3:22-cv-00111   Document 33   Filed 04/10/23   Page 2 of 4 PageID #: 130

not yet meet the requirements of Local Rule 55.01(i). To properly serve Sec. Wormuth pursuant to Federal Rule of Civil Procedure 4(i)(2), a plaintiff must serve both the United States and Sec. Wormuth. Fed. R. Civ. P. 4(i)(A)(2).

To serve the United States, a plaintiff must "**deliver a copy** of the summons and of the complaint to the United States attorney for the District where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in writing filed with the court clerk." Fed. R. Civ. P. (i)(1)(A)(i) (emphasis added). For cases brought in the Middle District of Tennessee, a copy of the summons and complaint can be delivered to the attention of an assistant United States attorney at the United States Attorney's Office for the Middle District of Tennessee, 719 Church St., Suite 3300, Nashville, Tennessee 37203. Additionally, a plaintiff can request from the Clerk's Office the names of the individuals the U.S. Attorney for the Middle District of Tennessee has designated to receive service documents to which a copy of the summons and complaint can be delivered.[1] To serve the United States, plaintiff must also send a copy of the summons and complaint via registered or certified mail to the Attorney General of the United States at Washington D.C. Fed. R. Civ. P. 4(B). Based upon the record, it appears as if Plaintiff complied with this requirement. (Doc. No. 19, PageID # 79-81).

Next, Plaintiff must send the summons and complaint to Sec. Wormuth by "**registered or certified mail**." Here, Plaintiff attempted to serve Sec. Wormuth via USPS "Priority Mail Express PO-Add." (Doc. No. 19 at PageID # 84). Service via USPS Priority Mail Express is not sufficient and cannot serve as a substitute for registered or certified mail. *See* Fed. R. Civ. P. 4(i)(1) – (2).

---

[1] Contrary to the argument made by defense counsel, Plaintiff is not required to have summons issued to the United States (unless the United States is a named party) or join the United States as a party. (Doc. No. 30 at PageID # 118). To serve the United States, a party must only deliver **a copy** of the summons and of the complaint to the United States as described above.

3

For the reasons stated herein, Plaintiff's second Request for Entry of Default (Doc. No. 29), is **DENIED** without prejudice.

s/ Lynda M. Hill  
Lynda M. Hill  
Clerk of Court